

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2450

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2450

XING GUO WANG

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of Orders of Removal
from the Board of Immigration Appeals
(BIA No: A29-829-847)
Immigration Judge: Daniel Meisner

Submitted Pursuant to Third Circuit LAR 34.1(a)

May 15, 2006

Before: McKEE, GARTH, Circuit Judges and
LIFLAND,* Senior District Judge.

(Opinion filed: July 17, 2006)

OPINION

McKEE, Circuit Judge.

Xing Guo Wang asks us to review the Board of Immigration Appeal's affirmance of the

Immigration Judge's order denying relief from removal. For the reasons that follow, we will

dismiss the petition for review.

_____

* The Honorable John C. Lifland, Senior District Judge of the United States District
Court for the District of New Jersey, sitting by designation.

Wang argues that his petition for review should be granted because the BIA erred in affirming the decision of the Immigration Judge based upon the latter's improper reliance upon unsupported and irrelevant credibility determinations as well as errors the IJ purportedly made in denying Wang's claim of political persecution and persecution based upon China's family planning policies. However, after the BIA affirmed the IJ's decision, Wang filed a motion for reconsideration with the BIA rather than filing a petition for review in the appropriate Court of Appeals. After the BIA denied the motion for reconsideration, Wang petitioned for review of the order denying reconsideration, but did not file a timely appeal of the IJ's underlying order.

A petition for review must be filed within 30 days after a final order of removal. 8 U.S.C. §1105(a)(1994). The BIA affirmed the IJ's denial of relief from removal without opinion on April 4, 2003. Accordingly, that decision became the final agency determination. 8 C.F.R. § 1003.1(e) (4) (2005). No petition for review was filed from that final order within the required 30 days. Rather, on April 23, 2003, Wang filed a motion for reconsideration of that April 4, order with the BIA asking the BIA to review the IJ"s adverse credibility determination. The BIA denied that motion for reconsideration on June 30, 2003 based upon Wang's failure to identify an error of fact or law in the IJ's ruling.

This petition for review was then filed on July 28, 2003, well after the 30 days required to appeal the underlying final order. Although Wang filed this petition for review within 30 days of the BIA's dismissal of his motion for reconsideration, it is clear that he did not file within 30 days of the "final agency determination;" the underlying order of the BIA denying his appeal of

2

the IJ's denial of relief.[**]  "The requisite time for filing a petition for review is jurisdictional, and a timely motion for reconsideration does not render the underlying final order non-final." *Stone v. INS*, 514 U.S. 386, 394-95 (1995).  Accordingly, we have no jurisdiction to consider the petition for review.  Accordingly, we will dismiss the petition.

---

[**] Wang petitions for the review of a final order of the BIA June 30, 2003 decision. However, since the underlying final order was entered on April 4, 2003, and no petition for review was filed within the 30 day requisite time after that underlying final order, Wang has waived the issues presented in his brief.